## L. BESTOSO v. U. S. MAIL STEAMSHIP COMPANY OF NEW YORK.

Steamers are more easily managed than sailing vessels, therefore it is the duty of the masters of the former to adopt such precautions as to avoid collision with the latter ; and, where a collision occurs, unless it be shown, on behalf of the steamer, that the accident was unavoidable, with due precautionary measures on its part, the loss will fall on its owners.

APPEAL from the Fifth District Court of New Orleans, *Buchanan,* J.
Z. *Letour*, for plaintiff. *H. H. Strawbridge,* for defendant and appellant.

OGDEN, J. From the evidence which is very conflicting, it might be considered doubtful whether the plaintiffs' boat was moored in a proper place at the time of the injury ; the testimony, however, preponderates on that point. The District Judge came to that conclusion, and we are not satisfied he erred in so doing in favor of the plaintiffs, as the defendants have not shown that the accident was unavoidable with due precautionary measures on their part, we are of opinion that the loss should fall on them. It has been held that steam vessels are to be regarded in the light of vessels navigating with a fair wind, that the master having the steamer under his command, both by altering the helm and stopping the engines, it is his duty to adopt such precautions as to avoid collision with sailing vessels. *St. John* v. *Paine et al.*, 10th Howard's U. S. R. 557. *Newton* v. *Stebbin*, Ib. 586.

This principle is more obviously correct when applied to a collision by a steam vessel with a sailing vessel while moored at the wharf, because the duty of avoiding a collision is more easily performed by the steamer in such a case, than when the vessel she is approaching is under sail.

The judgment of the court below is affirmed with costs.